IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE SANDERS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-1016-G |
| | ) | |
| TEXAS DEPARTMENT OF | ) | |
| TRANSPORTATION, et al., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On May 18, 2005, plaintiff filed the instant civil action and a motion to proceed *in forma pauperis*. No process has been issued in this case. On May 25, 2005, the Court issued a Notice of Deficiency and Order wherein it notified plaintiff that she had provided insufficient information to determine whether *in forma pauperis* status is appropriate in this case. It also notified her that her pleading was not in compliance with Fed. R. Civ. P. 8(a) or LR 10.1 of this Court. It granted her twenty days to cure the deficiencies and warned her that the failure to do so would result in a recommendation that this action be dismissed for failure to prosecute. Although plaintiff filed additional financial information on June 8, 2005, she has filed no pleading to correct the non-compliance with Rule 8(a) or LR 10.1.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of May 25, 2005, that she correct the noted deficiencies within twenty days. Such failure indicates that she has no current intention to proceed with this case. Accordingly, the Court should dismiss her complaint.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice[1] for the failure of plaintiff to follow an order of the Court.

**SIGNED this 13th day of July, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] "Without prejudice" means that the dismissal of this action does not of itself prevent plaintiff from commencing a new action against defendant on the same factual allegations. Of course, any new action would be subject to dismissal for lack of jurisdiction unless plaintiff provides a proper basis for federal jurisdiction over an action against defendant.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3